IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

_____

| | | |
|---|---|---|
| ISAIAS ROCK YBARRA, JR., PRO SE, | § | |
| TDCJ-CID 824392, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | 2:04-CV-0014 |
| | § | |
| RONALD LACY, Dr., KELLY SUTTON, | § | |
| DARLA BURNES, JUDY BUSBY, | § | |
| PATRICIA JOHNSON, JILL WELCH, | § | |
| JOSEPHINE ABERNATHY, | § | |
| LINDA WEST, CYNTHIA CHAPMAN, | § | |
| SHEILA INCE, ALVERDA KAYS, | § | |
| GLENDA LANHAM, MICHELLE MOSIER , | § | |
| and EVELYN WILCOX, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER OF DISMISSAL**

Plaintiff ISAIAS ROCK YBARRA, JR., acting pro se and while a prisoner

confined in the Texas Department of Criminal Justice, Correctional Institutions Division, has

filed suit pursuant to Title 42, United States Code, section 1983 complaining against the above-

referenced defendants.  Plaintiff has paid the filing fee and is not proceeding in forma pauperis.

Plaintiff asserts a claim of deliberate indifference to his serious medical needs

with respect to a spider bite.  Plaintiff requests monetary relief in an unspecified amount and

"that such entity be 'ORDERED' to follow it's own written rules/regulations/contracts/policies."

**JUDICIAL REVIEW**

When a prisoner confined in any jail, prison, or other correctional facility brings

an action with respect to prison conditions under any federal law, the Court may evaluate the

complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir.

1990), if it is frivolous[1], malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief from a defendant who is immune from such relief.  42 U.S.C.

§ 1997e(c)(1).  A *Spears* hearing need not be conducted for every *pro se* complaint.  *Wilson v.*

*Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991)[2].

   The District Judge has reviewed the facts alleged by plaintiff in his original

complaint and his Briefing Order Response to determine if his claim presents grounds for

dismissal or should proceed to answer by defendants.

## THE LAW AND ANALYSIS

   Plaintiff alleges he awoke on January 19, 2002 to find he had suffered a spider

bite on his left wrist.  Plaintiff says he went to the infirmary where defendants Nurse BURNES

and Nurse BUSBY were on duty.  Plaintiff states he was examined by BURNES and BUSBY,

who recorded his vital signs and informed plaintiff they were normal.  Plaintiff says the nurses

took a culture, prescribed Tylenol, applied ice packs, and scheduled an appointment with the

doctor, who was out of town at that time, for January 22, 2002.

   Plaintiff alleges that, when he requested antibiotics, they told him he had to wait

until the doctor returned.  Plaintiff complains that his condition worsened while waiting to see

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact, *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); *see*, *Denton v. Hernandez*, 504 U.S. 25, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).

[2] *Cf*, *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Of course, our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing.  A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.").

the doctor in that he ran a temperature over 100 degrees, and the left side of his face, as well as his left hand and arm, swelled.

Plaintiff alleges that, on January 21, an Officer Dysart became concerned about his condition and gave him a pass to the infirmary. Plaintiff says that, at the infirmary, he saw Officer Gossett who left to talk to the nurses. He say Officer Gosset later returned and told plaintiff the nurses couldn't do anything for him, that he had an appointment for the next day. Plaintiff says, the next day, he was visited by Ms. Sandra Beck, Unit Risk Management Coordinator, who remarked she was surprised his condition had "gone on"as long as it had and told plaintiff to inform her of his status after his doctor's visit.

Plaintiff alleges he saw defendant Dr. LACY on January 22, 2002, who "attempted to treat plaintiff with electrial [sic] shock treatment protocol" but rescheduled treatment for the next day because there were no batteries in the "stun gun." Plaintiff says LACY "prescribed one pill, then sent [plaintiff] away." The Court notes that the official's response to plaintiff's Step 2 grievance, attached to his original complaint, explains that the "electrial [sic] shock treatment" was a Venom Neutralization treatment.

Plaintiff contends that other inmates with the same injury (spider bite) received antibiotic treatment within hours instead of days and that the delay caused him harm.

As to the remaining defendants, although plaintiff was expressly instructed in the Briefing Order to list each act or omission by each defendant on which he based his claim(s) and state how he was harmed by it, plaintiff has provided only vague, global, and conclusory allegations containing no reference to any factual assertion. Instead, plaintiff merely alleges that each defendant "had a duty to act in reasonable care in providing reasonable/adequate medical

care during the examination of Plaintiff" and "failed to act with reasonable care toward Plaintiff, and breached such duty by, reasonable manner of participating in the lack of care, during the course of post-medical care."

Deliberate indifference to a prisoner's serious medical needs constitutes an Eighth Amendment violation and states a cause of action under Title 42, United States Code, section 1983. *Estelle v. Gamble*, 429 U.S. 97, 105-07, 97 S.Ct. 285, 291-93, 50 L.Ed.2d 251 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825, 114 S.Ct. 1970, 1981, 128 L.Ed.2d 811 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

A delay in medical care to a prisoner can constitute an Eighth Amendment violation only if there has been deliberate indifference, which results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff's claim of deliberate indifference by defendants BURNS and BUSBY is contradicted by his allegation that they examined him, found his vital signs to be normal, provided him with treatment, and scheduled a doctor's appointment for the day the doctor

returned.  Plaintiff has alleged no fact to indicate defendants' BURNS and BUSBY knew he was

in substantial danger of serious injury if further treatment was delayed until the doctor's return.

At most, plaintiff's allegations might support a claim of medical negligence, if that; however,

"negligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*,

989 F.2d 191, 195 (5th Cir. 1993).

Plaintiff has not identified or sued the nurses who were on duty on January 21st,

and failed to examine him after his referral by Officer Dysart.  Further, plaintiff does not indicate

that these nurses knew of his condition at the time he returned to the infirmary.  In short, plaintiff

has failed to allege any fact known to those nurses which would indicate he should not wait

another day to see the doctor.  Even if the nurses on duty that day should have examined him,

plaintiff has failed to allege any fact which shows this failure was the result of deliberate

indifference instead of mere medical negligence.

Plaintiff sues defendant LACY, but does not claim he was responsible for the

initial delay in getting a doctor's appointment or for the problem with the Venom Neutralization

treatment.  Plaintiff does not allege defendant LACY refused to treat him or delayed his

treatment in any way.  Instead, he states he was examined by defendant LACY and that the

Venom Neutralization treatment was not administered that day only because of a problem with

the instrument; but it was scheduled for the next day.  Plaintiff also alleges he was given an

antibiotic on the day he saw LACY and does not allege he was not subsequently given Venom

Neutralization treatment or that he was not provided with further antibiotics.  Plaintiff has

alleged no fact to state a claim of deliberate indifference by defendant LACY.

As to the remaining defendants, plaintiff's conclusory allegation that each had a duty to act "in reasonable care in providing reasonable/adequate medical care" and breached such duty, is unsupported by any factual allegation.  Further, even if specific factual allegations had accompanied this claim, it is a classic statement of medical negligence, not deliberate indifference, and will not support a claim under section1983.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).

It is clear that plaintiff was dissatisfied with the medical treatment he received. Nevertheless, this dissatisfaction is not sufficient to state a claim of constitutional dimension. Not every claim of inadequate or improper medical treatment is a violation of the Constitution. *Estelle v. Gamble*, 429 U.S. 97, 105, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976).  Even if plaintiff's allegations showed the treatment he received was negligent, he has not alleged facts to show deliberate indifference by any of the named defendants; and mere negligent medical care will not support a claim under section 1983.  *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993).  Consequently, plaintiff's medical care claim lacks an arguable basis in law and is frivolous.  *Neitzke v. Williams*, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

As to any attempt to state a claim of equal protection, plaintiff has alleged no fact indicating that other inmates suffering from spider bite received antibiotics in the absence if a physician's examination and prescription.

## CONCLUSION

For the reasons set forth above and pursuant to Title 42, United States Code, section 1997e(c)(1), the Civil Rights Claim filed pursuant to Title 42, United States Code,

Section 1983, by plaintiff ISAIAS ROCK YBARRA, JR., is DISMISSED WITH PREJUDICE AS FRIVOLOUS.

LET JUDGMENT BE ENTERED ACCORDINGLY.

A copy of this Order shall be mailed to plaintiff and to any attorney of record by first class mail.  The Clerk shall also mail copies of this Order of Dismissal to TDCJ-Office of the General Counsel, P.O. Box 13084, Austin, TX  78711; and to the Pro Se Clerk at the U.S. District Court for the Eastern District of Texas, Tyler Division.

All pending motions are DENIED.

IT IS SO ORDERED.

ENTERED this   14th   day of February, 2006.


/s/ Mary Lou Robinson
MARY LOU ROBINSON
UNITED STATES DISTRICT JUDGE